KLIEBERT, Judge,
concurring.
Although I do not necessarily disagree with the majority reasons, I reached the same conclusion as the majority for a different reason and hence concur in the majority opinion.
The sales tax here involved is a tax levied on the intangible transaction known as a sale and measured by the selling price of a product sold. LSA-R.S. 47:302(A). Although the burden of the tax is imposed on the buyer, the seller has a statutory obligation to collect the tax from the buyer and when the seller fails to act as the collecting agent, then the State has a statutory authority to collect the tax from the seller. LSA-R.S. 47:301(4) and LSA-R.S. 47:304(E).
As I view the situation here, the seller, in good faith, as he was required to do under the statute, made reasonable efforts to qualify as a collecting agent for the state. The state, through its employees, however, informed the seller he was not required to qualify as a collecting agent for the tax. Subsequently, the state sought to collect from him the sales tax, the burden of which was imposed by the statutes on the buyer, as a penalty for failing to act as the state’s collecting agent. Requiring him to pay such a penalty where his failure to collect the tax from the buyer was due to the advice received from the state, under the circumstances involved here, would be an illegal and unlawful confiscation of his property.
For these reasons, I believe the Board of Tax Appeal and the trial court properly rejected the state’s claim.